John O. Pinkey, Esq. (SBN 162686)
Brent S. Clemmer, Esq. (SBN 179722)
Robert A. Cutbirth, Esq. (SBN 131279)
**Slovak Baron Empey Murphy & Pinkney, LLP**
1800 East Tahquitz Canyon Way
Palm Springs, California 92262
Telephone (760) 322-2275
Facsimile (760) 322-2107
pinkney@sbelawyers.com; clemmer@sbemp.com

Attorneys for Defendant
CITY OF BEAUMONT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Megan Reeves,<br><br>    Plaintiff,<br><br>    Vs.<br><br>Riverside County Sheriff's Department, Banning Police Department, Beaumont Police Department, City of Banning, City of Beaumont, Deputy John Does #1-8.<br><br>    Defendants. | **CONSOLIDATED CASE NO. 22-CV-1910-SB**<br><br>**DEFENDANT CITY OF BEAUMONT'S NOTICE OF MOTION AND MOTION TO DISMISS [FRCP 12(B)(1) AND 12(B)(6)] AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:  FEBRUARY 3, 2023<br>TIME:  8:30 AM<br>Dept.:  C3, 4th Floor, 350 W. 1st Street, LA, CA 90012<br>(Judge Blumenfeld)<br>Personal Appearance Req'd<br>Trial Date: None Set<br>*Action Filed*: November 9, 2022 |

Please take notice that on the above stated date and time, Defendant City of Beaumont, for itself and the erroneously sued "Beaumont Police Department," which does not have a legal existence separate from the City such that it should not have been named in the Complaint,[1] will move this Court pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6) for an Order dismissing Plaintiff Megan Reeves' Complaint, and each cause of action therein, on the basis that they fail to state facts sufficient to constitute a viable cause of action in that Plaintiff has failed (and will continue to fail) to plead standing to pursue the stated claims. This Motion is based on this Notice of Motion and Motion to Dismiss, the ensuing Memorandum of Points and Authorities, The Declaration of Brent S. Clemmer filed concurrently herewith, and its Exhibit "A," and the pleadings and records forming the Court's file.

***In keeping with Local Rule 7-3, and this Court's Standing Civil Order Rule 6***, this Motion was made following multiple efforts to address the deficiencies in Plaintiff's Complaint with her. These efforts are more specifically set forth in the Declaration of Mr. Clemmer, and Exhibit A thereto. After numerous emails and telephone calls, most of which going without response, and all failing to involve a substantive response, we were unable to fully "meet and confer" with Plaintiff as she stopped communicating with us. We therefore bring this Motion after our good faith efforts.

Dated: December 22, 2022         SLOVAK BARON EMPEY MURPHY
                                 & PINKNEY, LLP

                                 By: /s/ Robert A. Cutbirth
                                 Robert A. Cutbirth/Brent S, Clemmer
                                 Attorneys for Defendant City of Beaumont

---

[1] As noted in Kwame *Nkumah Kekaula v. Luera,* 2008 U.S. Dist. LEXIS 115259, among other authorities, departments of a public agency are not properly named in a Complaint, as they have no separate legal existence, and their dismissal *sua sponte* by the Court is appropriate.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Introduction and Statement of Facts

At approximately 1:00a.m on October 14, 2021, Russell Leggett, Jr. sought to elude Sherriff's Deputies and Police Officers from several law enforcement agencies, shooting at them from his car with an assault rifle before a final shootout with peace officers took his life as they protected themselves and the public.[2]

Roughly 13 months later, Plaintiff Megan Reeves filed her Complaint asserting that she is a "registered domestic partner" of Mr. Leggett, and that she should be entitled to bring causes of action as the successor-in-interest to Mr. Leggett under the Federal Civil Rights Act (42 U.S.C. Section 1983), the California Tort Claims Act (unstated statutory theories), Government Code 7286 (noted in the Complaint as AB 26, which was not in effect on the date of this incident), and the 4th, 5th, 8th and 14th Amendments (unstated provisions and unstated reasons). (Complaint, Statement of Claims, Paragraph C). As to the City, the gist of the Complaint is a factually unsupported conclusion that the involved Police Officers from the City's Police Department were inadequately trained

---

[2] Judicial notice of the YouTube Videotape of the incident, expressly referenced and relied upon by Plaintiff in her Complaint (Docket 1, Complaint, Statement of Claims, Paragraph C.), and which involves the Sherriff/Police dashcam and body cam video/audio clips constituting public records from official government sources, would be proper in keeping with Evidence 201 and relevant precedents, particularly when there is no other factual basis for Ms. Reeves' claims in the Complaint. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); accord *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). As public records whose authenticity is not being disputed, even though not physically attached to the complaint which references and relies upon it, the videoclip is also a proper subject of judicial notice in keeping within the standards of this Circuit." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). Should the Court belief this information helpful to the analysis and resolution of this Motion, the link to the videotape can be found here:

Slovak Baron Empey Murphy & Pinkney LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

and deviated in some manner from an unidentified policy manual (Complaint, Basis for Jurisdiction, Paragraph D).

Ms. Reeves does not allege that she was personally involved in any of the events of October 14, 2021. Her claims are solely derivative of the death of Mr. Leggett as part of unprovoked efforts to shoot and kill various peace officers.[3] This approach in Ms. Reeves' Complaint is further shown, in part, when describing the alleged injuries related to the claimed liability-producing events as "Multiple shots after surrendering, and the refusal of medical care." (Complaint, IV, Injuries). Consequently to Mr. Leggett's death, Ms. Reeves then seemingly seeks to assert a resulting claim for a loss of Mr. Leggett's companionship, affection, and financial support. (Complaint, V, Relief).

While respecting Ms. Reeves' right to appear in an unrepresented capacity (*pro per*), her Complaint fails to meet the required showing of standing to pursue this case. She has not submitted with her Complaint the required documentation showing her to be the authorized representative of Mr. Leggett's estate. Thus, this Motion must be granted. The question then becomes whether the Court should grant this Motion with leave to amend. The proper answer is that the case should be dismissed with prejudice and without leave to amend, unless Ms. Reeves is able – within the strict requirements of Rule 11,[4] which are equally applicable to Ms. Reeves, to establish the requisite facts to support her authority to proceed with this claim.

---

[3]   If ever required to do so, the City would also show that each cited claim in the Complaint fails to state facts sufficient to constitute a viable cause of action. Because Plaintiff cannot meet the requisite threshold of legal standing to proceed with any claim, however, we see no reason to presently burden the Court with these additional arguments.

[4]   Rule 11 states, in relevant party, that every pleading signed a party if the party is unrepresented certifies to the best of the person's knowledge, information, and belief that the facts presented are true and accurate. Upon a showing of inaccuracy, the Court may issue an order to show cause why sanctions should not be imposed.

In that regard, and focusing solely on the issue of whether leave to amend should be granted, we were advised by the California Secretary of State's Office that their only records regarding a potential Domestic Partner Registry involving Mr. Leggett and Ms. Reeves was not made until after Mr. Leggett's death.[5] We were advised that the request was rejected by the Secretary of State due to the lack of notarized signatures. We would urge the Court in deciding whether to grant leave to amend to ask Ms. Reeves to produce or at least verbally confirm to the Court that an actual Domestic Partner Registry was issued by the Secretary of State. Otherwise, Ms. Reeves cannot meet the obligations in an Amended Complaint to allege standing in conformity with Rule 11.

## 2. **Legal Standard**[6]

This Motion to Dismiss is brought pursuant to Rule 12(b)(1) and/or 12(b)(6), as Plaintiff's absence of standing relates to the Court's jurisdiction to hear this case (*Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011) and her ability to state facts sufficient to constitute a viable cause of action (*Long v. Salt River Valley Water Users' Ass'n,* 820 F.2d 284, 288-89 (9th Cir. 1987). While attacks on the Court's jurisdiction arising from standing issues assume as correct the well pled factual allegations in the Complaint (*Federation of African Am. Contrs. v. City of Oakland*, 96 F.3d 1204, 1207

---

[5] We recognize the "hearsay" nature of these statements. They are not offered for the truth of the matter asserted for purposes of this particular pleading. They are instead offered as a good faith showing that there are reasons for the Court to separately inquire of Plaintiff whether there is a legitimate and good faith basis for leave to amend to be granted, and that the Court and parties would not be wasting time and money in that process because the facts will show that no Domestic Partner Registry existed on the date of Mr. Leggett's death.

[6] In the case of pleadings drafted by laymen, appearing pro per, the pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520). The pro per complaint must, however, still adhere to the requirements of Rule 8(a) and the other applicable Federal Rules of Civil Procedure. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984).

(9th Cir. 1996)), it is Plaintiff's obligation to plead those facts necessary to establish subject matter jurisdiction and the ability to state a viable cause of action (*Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir. 1989)), and the Court in deciding a Rule 12(b)(1) motion challenging subject matter jurisdiction presumes a lack of jurisdiction until the pleader proves otherwise. " *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### 3. Legal Argument - Plaintiff has failed to Properly Allege Standing

Again, Ms. Reeves was not personally involved in the incidents leading to Mr. Reeves' death, but alleges only that she is the registered domestic partner of Mr. Leggett, so she brings her claims in that capacity. As to derivative claims relating to Mr. Leggett's death, she appears to believe this assertion of domestic partnership is legally sufficient to meet the legal standing requirement. That is not the case. As recently noted in *Davis v. City of Nat'l City*, 2020 U.S. Dist. LEXIS 217095, pp 8-9 (SDCal., 2020), in a directly relevant context:

> Generally, the federally protected rights that are enforceable under § 1983 are personal to the injured party. [Citation.] However, when a civil rights claim under § 1983 accrues before death, it may survive the decedent if state law authorizes a survival action. [Citations.] In California, "a cause of action for or against a person is not lost by reason of the person's death." Cal. Civ. Proc. § 377.20. A survival action may be brought by the decedent's personal representative or successor in interest. See Cal. Civ. Proc. § 377.30. "Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law." [Citation.] A "successor in interest" is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. P. § 377.11 [and Citations.] To establish a successor in interest relationship, a plaintiff must submit an affidavit or declaration attesting to the fact that he or she is the decedent's successor

in interest and attach the decedent's death certificate. See Cal. Civ. Proc. § 377.32 (stating requirements of a successor in interest declaration). A plaintiff bears the burden of demonstrating that they meet the state's requirements for bringing a survival action. [Citation.]

Because Plaintiff has not met this pleading obligation, by failing to provide the required declaration or Order from a Court, this Motion is properly granted for failure to provide facts sufficient to meet Plaintiff's burden on standing and stating a viable cause of action.

The question then becomes whether leave to amend should then be granted. Before deciding that question, we urge the Court to specifically inquire and confirm with Ms. Reeves that she has not been appointed the administrator of Mr. Leggett's estate in any estate proceeding and confirm that the information we received fromas the California Secretary of State, that there is no domestic registry on file, is correct. If Ms. Reeves cannot satisfactorily show that leave to amend would lead to a different result, through pleadings submitted in keeping with Rule 11, then this Motion should be granted with prejudice as any amendment would be futile.[7] That same issue goes to the heart of any potential claim by Ms. Reeves under any other direct-action claim, such as Code of Civil Procedure Section 377.60, as the failure of Ms. Reeves to be an actually registered domestic partner prior to Mr. Leggett's death bars all of those claims as well. See., e.g., Section 377.60(f).

4. **Conclusion**

Ms. Reeve's Complaint suffers from a myriad of factual deficiencies in attempting to state a viable claim, with a primary failure being the absence of a required showing of

---

[7] While pro se pleadings are to be liberally construed (*Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), and the Court should advise plaintiff of deficiencies in the complaint and usually provide an opportunity to cure the defects if possible (*Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000), that obligation falls away if a proposed amendment or leave to amend would be futile because the defect cannot be correct. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

standing to invoke the Court's jurisdiction and state any viable cause of action based on legal "standing" considerations. Not only has Ms. Reeves failed to provide the required documentation showing her ability to state a derivative claim on Mr. Leggett's behalf, which requires this Motion be granted, the available information suggests leave to amend would be futile because Ms. Reeves cannot cure her lack of standing as she was not Mr. Leggett's Registered Domestic Partner before his death.

If Ms. Reeves does not otherwise voluntarily abandon this action after her review of this Motion, the Court should ask for an offer of proof and/or factual showing that leave to amend should be granted because she was, in fact, a documented, Registered Domestic Partner of Mr. Leggett before his death. If Ms. Reeves cannot make such a showing, leave to amend should not be granted, and the Court would then be well within its discretion under all governing standards and precedent to grant this Motion with prejudice.

Dated: December 22, 2022

SLOVAK BARON EMPEY MURPHY & PINKNEY, LLP

By: *Robert A Cuthuth*
       Brent S, Clemmer
Attorneys for Defendant City of Beaumont