S. Frank Harrell – SBN 133437
sharrell@lynberg.com
Jesse K. Cox – SBN 285218
jcox@lynberg.com
Marlena R. Mlynarska – SBN 312831
mmlynarska@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
Tel: (714) 937-1010  /  Fax: (714) 937-1003

Attorneys for Defendants City of Palm Springs, Palm Springs Police Department

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN REEVES,<br><br>            Plaintiff,<br><br>      vs.<br><br>CITY OF PALM SPRINGS, et al.<br><br>            Defendants. | CASE NO. 5:22-cv-01910-SB-MRW<br><br>**Magistrate Matter by Reference**<br><br>Assigned to Hon. U.S. Magistrate Judge Michael R. Wilner for Preliminary Matters<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; DECLARATION OF MARLENA R. MLYNARSKA**<br><br>Seeks Dismissal of Dkt 1<br><br>Proposed Order Filed Concurrently<br><br>Date:        February 22, 2023<br>Time:        9:30 A.M.<br>Courtroom:  550, 5th Floor<br><br>Trial Date:   None Set<br>Complaint filed: October 26, 2022 |

## NOTICE OF MOTION AND MOTION TO DISMISS

### TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OR RECORD:

**PLEASE TAKE NOTICE** that on February 22, 2023, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 550 of the above-entitled Court, located at Roybal Federal Courthouse, 255 E. Temple St., Defendants City of Palm Springs' and Palm Springs Police Department (collectively "the Palm Springs Defendants") will, and hereby do, move this Court for an order dismissing Plaintiff' Megan Reeves' ("Plaintiff") Complaint for Violation of Civil Rights pursuant to Fed. Rs. Civ Proc. 8, 12(b)(6).

Palm Springs Defendants, jointly and severally, bring this Motion on each of the following grounds as follows:

1.     Plaintiff's entire Complaint against the City of Palm Springs must be dismissed because Plaintiff Reeves lacks standing. Fed. R. Civ. Proc. 12(b)(6).

2.     Plaintiff's claims against the City of Palm Springs' Police Department must be dismissed because Palm Springs is not a suable entity. See, Fed. R. Civ. Proc. 12(b)(6).

3.     Plaintiff's entire Complaint against the City of Palm Springs must be dismissed because Plaintiff has not stated a claim for relief against the City of Palm Springs under any viable theory. See, Fed. R. Civ. Proc. 12(b)(6).

Defendants' Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Marlena R. Mlynarska and the exhibits submitted therewith, Plaintiff's Complaint (Dkt 1), and upon such other and further matters as may properly come before the Court.

Pursuant to Local Rule 7-3, and this Court's Standing Civil Order, this Motion is filed following meet and confer efforts concerning the deficiencies in Plaintiff's Complaint that began on December 1, 2022 and continued as recent as

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

January 5, 2022. Despite defense counsels' concerted efforts to engage in informal resolution of the issues discussed in this Motion, Plaintiff has been unwilling to meet and confer with counsel, telephonically, through video conference or otherwise and has wholly failed to engage in any meaningful meet and confer discussions regarding the merits of this Motion.

More specifically, on December 1, 2022 defense counsel transmitted detailed meet and confer correspondence outlining the defects in Plaintiffs' Complaint. (<u>See</u>, Exhibit "A," Declaration of Marlena R. Mlynarska, ¶ 3). Thereafter, defense counsel and Ms. Reeves stipulated to extend the time for the parties to engage in meaningful meet and confer discussions regarding Plaintiff's Complaint. But the required discussions have never taken place. Ms. Reeves has ***wholly*** declined to return defense counsels' telephone calls or otherwise communicate with defense counsel. Accordingly, the defense prays that this Court hear and decide the issues raised herein.

DATED:  January 6, 2023                    Respectfully submitted,

                                            **LYNBERG & WATKINS**

By:  _____
                                            **S. Frank Harrell**
                                            **Jesse K. Cox**
                                            **Marlena R. Mlynarska**
                                            Attorneys For Defendants
                                            City of Palm Springs,
                                            Palm Springs Police Department

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1
2

# **TABLE OF CONTENTS**
### CONTENTS

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS ................................................ 2

TABLE OF CONTENTS ........................................................................................ 4

TABLE OF AUTHORITIES ................................................................................... 5

MEMORANDUM OF POINTS & AUTHORITIES ............................................. 12

I.     PRELIMINARY STATEMENT .................................................................. 12

II.    PLAINTIFF MEGAN REEVES LACKS STANDING TO SUE IN
       ANY CAPACITY ......................................................................................... 15

III.   THE PALM SPRINGS POLICE DEPARTMENT IS NOT A SUABLE
       ENTITY ......................................................................................................... 16

IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST
       THE CITY OF PALM SPRINGS ................................................................ 18

       A.    Plaintiff's 42 U.S.C. § 1983 Claim Fails to State a Claim for
             Relief Against the City of Palm Springs and Must be Dismissed ....... 18

       B.    Plaintiff's California Tort Claims Act Claim Fails to State a
             Claim for Relief Against the City of Plam Springs and Must be
             Dismissed ............................................................................................. 22

       C.    Plaintiff's Bane Act Claim Fails to State a Claim for Relief
             Against the City of Plam Springs and Must be Dismissed ................. 25

       D.    Plaintiff's California Assembly Bill 26 Claim Fails to State a
             Claim for Relief Against the City of Plam Springs and Must be
             Dismissed ............................................................................................. 27

       E.    Plaintiff's Federal Claim Fails to State a Claim for Relief
             Against the City of Palm Springs and Must be Dismissed ................. 27

V.     PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND ............ 33

VI.    CONCLUSION ............................................................................................ 33

**4**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

<u>A.B. v. City of Santa Ana,</u>
    2019 WL 1578380 (C.D. Cal. 2019) .........................................................20, 25

<u>A.E. ex rel. Hernandez v. Cty. of Tulare,</u>
    666 F.3d 631 (9th Cir. 2012) ...................................................................18, 27

<u>Adams v. City of Fremont,</u>
    68 Cal.App.4th 243 (1998) .............................................................................21

<u>Aguilar v. Corral,</u>
    2007 WL 2947557 (E.D. Cal. 2007) ...............................................................23

<u>Allyson v. Department of Transportation,</u>
    53 Cal.App.4th 1304 (1997) ......................................................................22, 26

<u>Ashcroft v. Iqbal,</u>
    556 U.S. 662 (2009) ..................................................................................18, 27

<u>Bay Area Rapid Transit Dist. v. Superior Court,</u>
    38 Cal.App.4th 141 (1995) .............................................................................25

<u>Bd. of Cty. Comm'rs v. Brown,</u>
    520 U.S. 397 (1997) .......................................................................................17

<u>Bell Atl. Corp. v. Twombly,</u>
    550 U.S. 544 (2007) ..................................................................................18, 27

<u>Benavidez v. Cty. of San Diego,</u>
    993 F.3d 1134 (9th Cir. 2021) ........................................................................28

<u>Blankenhorn v. City of Orange,</u>
    485 F.3d 463 (9th Cir. 2007) ..........................................................................30

<u>Bresaz v. County of Santa Clara,</u>
    136 F.Supp.3d 1125 (N.D. Cal. 2015) ............................................................25

<u>Brown v. County of San Bernardino,</u>
    2021 WL 99722 (C.D. Cal. 2021) ..............................................................12, 21

Bull v. City & County of San Francisco,
    595 F.3d 964 (9th Cir. 2010) .................................................. 19, 28

Case v. Kitsap County Sheriff's Dep't,
    249 F.3d 921 (9th Cir. 2001) ........................................................ 20

City of Canton v. Harris,
    489 U.S. 378 (1989) ..................................................................... 19

Cochran v. Herzog Engraving Co.,
    155 Cal.App.3d 405 (1984) .................................................... 22, 26

Cohen v. County of Santa Cruz,
    2017 WL 467846 (N.D. Cal. 2017) ............................................. 23

Comm. for Immigrant Rights v. Cnty. of Sonoma,
    644 F.Supp.2d 1177 (N.D. Cal. 2009) ........................................ 22

Cornell v. City of San Francisco,
    17 Cal.App.5th 766 (2017) .......................................................... 24

D.K. ex rel. G.M. v. Solano County Office of Educ.,
    667 F.Supp.2d 1184 (E.D. Cal. 2009) .................................... 22, 23

Davis v. City of San Jose,
    2014 WL 2859189 (N.D. Cal. 2014) ......................... 19, 20, 29, 31

Davis v. Ellensburg,
    869 F.2d 1230 (9th Cir. 1989) ............................................. passim

Dean v. Barber,
    951 F.2d 1210 (11th Cir. 1992) ................................................... 16

Dougherty v. City of Covina,
    654 F.3d 892 (9th Cir. 2011) ....................................................... 17

E.H. v. City of Long Beach,
    2017 WL 10581101 (C.D. Cal. 2017) ......................................... 14

Eastburn v. Regional Fire Protection Authority,
    31 Cal.4th 1175 (2003) ................................................................ 11

Galban v. City of Fontana,
    2021 WL 1307722 (C.D. Cal. 2021) ........................................... 29

**TABLE OF AUTHORITIES - DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Gardner v. Las Vegas Metro. Police Dep't,
    831 F.App'x 365 (9th Cir. 2020) .................................................................. 32

Ghazali v. Moran,
    46 F.3d 52 (9th Cir. 1995) .......................................................................... 32

Haar v. City of Mountain View,
    2010 WL 4919478 (N.D. Cal. 2010) ........................................................... 23

Harvey v. City of S. Lake Tahoe,
    2011 WL 3501687 (E.D. Cal. 2011) ............................................................ 30

Hayes v. Cty. of San Diego,
    736 F.3d 1223 (9th Cir. 2013) ..................................................................... 15

Henderson v. Duncan,
    779 F.2d 1421 (9th Cir. 1986) ..................................................................... 32

Herd v. County of San Bernardino,
    311 F.Supp.3d 1157 (C.D. Cal. 2018) ................................................... passim

Hermosillo v. County of Orange,
    2020 WL 6785303 (C.D. Cal. 2020) ................................... 12, 21, 27, 29

Howard v. County of Tulare,
    2016 WL 1756877 (E.D. Cal. 2016) ............................................................ 24

J.K.J. v. City of San Diego,
    2020 WL 738178 (S.D. Cal. 2020) .............................................................. 15

Lehto v. City of Oxnard,
    171 Cal.App.3d 285 (1985) ......................................................................... 22

Lopez v. Cnty. of L.A.,
    2016 WL 3913263 (C.D. Cal. 2015) ........................................................... 14

Lucero v. Cty. of Orange,
    2021 WL 1783099 (C.D. Cal. 2021) ..................................................... 12, 27

Lueter v. State of California,
    94 Cal.App.4th 1285 (2002) ........................................................................ 22

Maldonado v. County of Orange,
    2019 WL 6139937 (C.D. Cal. 2019) ................................... 12, 18, 28, 31

**TABLE OF AUTHORITIES - DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Meehan v. Los Angeles County,
     856 F.2d 102 (9th Cir. 1988) ................................................................... 20, 30

Menotti v. City of Seattle,
     409 F.3d 1113 (9th Cir. 2005) ...................................................................... 12

Moles v. County of Linn,
     2004 WL 1490324 (D. Or. 2004) .................................................................. 16

Monell v. Dep't of Soc. Servs. Of City of New York,
     436 U.S. 658 (1978) .............................................................................. passim

Moore v. County of Orange,
     2017 WL 10518114 (C.D. Cal. 2017) ......................................... 12, 18, 28, 31

Moreland v. Las Vegas Metro. Police Dep't,
     159 F.3d 365 (9th Cir.1998) ................................................................... 14, 15

Munoz v. City of Union City,
     120 Cal.App.4th 1077 (2004) ....................................................................... 22

Oracle v. Santa Cruz Cty. Planning Dep't,
     2009 WL 1371461 (N.D. Cal. 2009) .............................................................. 23

Ramsey v. City of Lake Elsinore,
     220 Cal.App.3d 1530 (1990) ................................................................... 21, 26

Reese v. Cty. of Sacramento,
     888 F.3d 1030 (9th Cir. 2018) ................................................................ 24, 25

Rendon v. County of Orange,
     2019 WL 4284521 (C.D. Cal. 2019) ................................................. 12, 28, 31

Rodrigues v. County of Orange,
     2020 WL 3396619 (C.D. Cal. 2020) ....................................................... 12, 27

Sanwal v. Cty. of Sacramento,
     2011 WL 2559388 (E.D. Cal. 2011) .............................................................. 23

Scott v. Thompson,
     184 Cal.App.4th 1506 (2010) ....................................................................... 15

Searcy v. Hemet Unified Sch. Dist.,
     177 Cal.App.3d 792 (1986) .......................................................................... 11

**TABLE OF AUTHORITIES - DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Sincerny v. City of Walnut Creek,
    2017 WL 4642432 (N.D. Cal. 2017)................................................................17

Skeels v. Pilegaard,
    2013 WL 5645346 (N.D. Cal. 2013)................................................................24

Sloman v. City of Simi Valley,
    21 F.3d 1462 (9th Cir. 1994)........................................................20, 28, 30

Smith v. Stanislaus,
    2012 WL 253241 (E.D. Cal. 2012) ................................................................26

Starr v. Baca,
    652 F.3d 1202 (9th Cir. 2011)........................................................................27

Sullivan v. City of Sacramento,
    190 Cal.App.3d 1070 (1987)..........................................................................22

Susman v. City of Los Angeles,
    269 Cal.App.2d 803 (1969)............................................................................11

Taylor v. List,
    880 F.2d 1040 (9th Cir. 1989)........................................................................26

Thompson v. City of Los Angeles,
    885 F.2d 1439 (9th Cir. 1989)........................................15, 19, 28, 31

Trevino v. Gates,
    99 F.3d 911 (9th Cir. 1996)........................................................19, 28

United States v. Kama,
    394 F.3d 1236 (9th Cir. 2005)........................................................................16

Vallas v. City of Chula Vista,
    56 Cal.App.3d 382 (1976).............................................................................16

Weith v. Newsom,
    2022 WL 17994897 (E.D. Cal. 2022) ............................................................32

Wilkey v. County of Orange,
    2017 WL 11447980 (C.D. Cal. 2017)................................12, 19, 28

Young v. City of Visalia,
    687 F.Supp.2d 1141 (E.D. Cal. 2009)...........................................................19

**<u>STATUTES</u>**

42 <u>U.S.C.</u> § 1983.................................................................................passim

<u>California Busimess & Professions Code</u> § 17200....................................23

<u>California Civil Code</u> § 1714....................................................................23

<u>California Civil Code</u> § 52.1...........................................................25, 26

<u>California Code of Civil Procedure</u> § 377.32......................................16, 26

<u>California Code of Civil Procedure</u> § 377.32(4) ......................................16

<u>California Code of Civil Procedure</u> § 377.32(5) ......................................16

<u>California Code of Civil Procedure</u> § 377.60 .........................................16

<u>California Evidence Code</u> § 200............................................................17

<u>California Government Code</u> § 811.2......................................................17

<u>California Government Code</u> § 815.........................................................22

<u>California Government Code</u> § 815(a) ....................................................12


**<u>OTHER AUTHORITIES</u>**

5 Witkin,
    <u>Summary of California Law, Torts</u> (9th ed. 1988),
    Section 132 ....................................................................................22


**<u>RULES</u>**

<u>Central District Local Rules,</u>
    Rule 7-3 ............................................................................................2

<u>Central District Local Rules,</u>
    Rule 8-3 ..........................................................................................14

<u>Federal Rules of Civil Procedure,</u>
    Rule 12(b)(6) ...........................................................................passim

**TABLE OF AUTHORITIES - DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Federal Rules of Civil Procedure,
    Rule 8 .................................................................................................2, 14, 24

## **CONSTITUTIONAL PROVISIONS**

U.S. CONSTITUTION,
    14TH AMENDMENT ...........................................................................12

U.S. CONSTITUTION,
    4TH AMENDMENT .............................................................................12

U.S. CONSTITUTION,
    5TH AMENDMENT .............................................................................12

U.S. CONSTITUTION,
    8TH AMENDMENT .............................................................................12

**TABLE OF AUTHORITIES - DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

1 <u>**MEMORANDUM OF POINTS & AUTHORITIES**</u>

2 **I.   PRELIMINARY STATEMENT**

3      As best as the City of Palm Springs can determine, Plaintiff Megan Reeves is

4 the "domestic partner" of career criminal Russell Leggett – who attempted to gun

5 down multiple peace officers with an assault rifle during a wild October 14, 2021

6 freeway pursuit in Desert Hot Springs, California. (*See*, Plaintiffs' Complaint for

7 Violation of Civil Rights ("Complaint") p. 5, Section III Statement of Claim, A and

8 B, Exhibit "A," Declaration of Marlena R. Mlynarska ("Mlynarska Decl.,") ¶ 3).

9 Leggett's pursuing officers survived his attack. But Leggett did not.

10      Notwithstanding Decedent's shocking misconduct -- much of it captured on

11 indisputable video -- Reeves has now seen fit to file this <u>pro</u> <u>se</u> litigation seeking an

12 unjustified recovery based on a grab-bag of state and federal legal theories.

13 Specifically, Reeves asserts a right to recovery under theories she terms "California

14 Tort Claim Act, Bane Act, CA AB26, 4th Amendment, 5th Amendment, 8th

15 Amendment, [and] 14th amendment."  (<u>See</u>, Complaint, p. 4, Section II Basis for

16 Jurisdiction, C, Exhibit "A," Mlynarska Decl., ¶ 3). Even taken at face value,

17 however, Reeves has no case against the City of Palm Springs.

18      For starters, Plaintiff's state law claims are defective. For nearly four decades

19 now, all governmental liability in California has been statutory in nature. <u>See</u>,

20 <u>Searcy v. Hemet Unified Sch. Dist.</u>, 177 Cal.App.3d 792, 802 (1986); <u>Susman v.</u>

21 <u>City of Los Angeles</u>, 269 Cal.App.2d 803, 809 (1969); <u>Government Code</u> § 815(a).

22 Thus, it is well-settled that Defendant Officers, like all governmental defendants,

23 can only be liable where a plaintiff pleads an authorizing statute for government tort

24 liability. <u>See</u>, <u>Searcy v. Hemet Unified Sch. Dist.</u>, 177 Cal.App.3d 792, 802 (1986);

25 <u>Eastburn v. Regional Fire Protection Authority</u>, 31 Cal.4th 1175, 1183 (2003).

26 Plaintiffs' state law claims against the seven Defendant Officers in this case proceed

27 as though the foregoing authority was never published. They plead no statute

28 authorizing government employee liability under the circumstances of this case.

1    Thus, for this reason too, dismissal is required. <u>See</u>, <u>Fed. R. Civ. P.</u> 12(b)(6).

2         Even giving her Complaint a charitable read, Plaintiff also has no fact-based

3    Section 1983 claim in this matter. Indeed, a "municipality cannot… be held liable

4    under § 1983 'solely because it employs a tortfeasor -- or, in other words, a

5    municipality cannot be held liable under § 1983 on a <u>respondeat</u> <u>superior</u> theory.'"

6    <u>Herd v. County of San Bernardino</u>, 311 F.Supp.3d 1157, 1166 (C.D. Cal. 2018)

7    (quoting, <u>Monell v. Dep't of Soc. Servs. Of City of New York</u>, 436 U.S. 658, 691

8    (1978)).  Only "'a longstanding practice or custom which constitutes the 'standard

9    operating procedure' of the local government entity'" will support the imposition of

10   municipal liability. <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1167 (quoting, <u>Menotti v. City of</u>

11   <u>Seattle</u>, 409 F.3d 1113, 1147 (9th Cir. 2005)).

12        Plaintiff's putative Section 1983 claims against Palm Springs here does not

13   set forth any required ***<u>facts</u>*** to support the notion that the City actually has an

14   unlawful "policy or custom" of unconstitutional conduct.  And courts in this District

15   routinely respond with dismissal in such circumstances.  <u>See, e.g.</u>, <u>Lucero v. Cty. of</u>

16   <u>Orange</u>, 2021 WL 1783099, at *2 (C.D. Cal. 2021) (conclusory <u>Monell</u> claim

17   dismissed); <u>Brown v. County of San Bernardino</u>, 2021 WL 99722, at *4 (C.D. Cal.

18   2021)("Courts have repeatedly rejected sweeping allegations of policies and

19   customs in the absence of facts supporting their existence and

20   applicability.")(collecting cases); <u>Hermosillo v. County of Orange</u>, 2020 WL

21   6785303, at *4 (C.D. Cal. 2020) (dismissing conclusory, fact-bare <u>Monell</u> claim);

22   <u>Rodrigues v. County of Orange</u>, 2020 WL 3396619 (C.D. Cal. 2020) (same);

23   <u>Maldonado v. County of Orange</u>, 2019 WL 6139937 (C.D. Cal. 2019) (same);

24   <u>Rendon v. County of Orange</u>, 2019 WL 4284521, at *2 (C.D. Cal. 2019) (same);

25   <u>Herd v. County of San Bernardino</u>, 311 F.Supp.3d 1157 (C.D. Cal. 2018) (same);

26   <u>Moore v. County of Orange</u>, 2017 WL 10518114 (C.D. Cal. 2017) (same); <u>Wilkey</u>

27   <u>v. County of Orange</u>, 2017 WL 11447980 (C.D. Cal. 2017) (same).

28        As is too often the case, Plaintiff has attempted to proceed with a <u>Monell</u>

**13**

**MEMORANDUM OF POINTS & AUTHORITIES - DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1   claim in a situation where there is none. Accordingly, and as set forth in further

2   detail below, Palm Springs respectfully requests the Court to grant its Motion and

3   order dismissal as prayed. <u>See</u>, <u>Fed. R. Civ. Proc.</u> 8 and 12(b)(6).

4         On December 1, 2022, counsel for the City of Palm Springs transmitted

5   detailed meet and confer correspondence to discuss the City' position with respect to

6   Plaintiff's operative Complaint. (<u>See</u>, Defense Counsels' December 1, 2022, meet

7   and confer correspondence, Exhibit "B," Mlynarska Decl., ¶ 5). Therein, counsel for

8   the City of Palm Springs s provided legal and factual support for the City's position

9   that Plaintiffs should voluntarily dismiss numerous claims for relief and should

10  otherwise voluntarily amend others and defense counsel invited Plaintiff Reeves to

11  use video conferencing to further discuss the perceived deficiencies raised by

12  defense counsel.  (<u>Id.</u>)  Chief among the City of Palm Spring's concerns with

13  Plaintiff's Complaint, is her lack of standing to pursue any claims related to this

14  incident. In a further effort to facilitate informal resolution of the City's points,

15  during the week of December 1, 2022 counsel called Plaintiff to further discuss the

16  City's meet and confer correspondence and extend Plaintiff additional time to

17  review the City's position.  Upon agreement by Plaintiff. Defense counsel prepared

18  a stipulation pursuant to <u>Local Rule</u> 8-3 to extend the time for the City to respond to

19  the Complaint by no more than 30 days. (<u>See</u>, Mlynarska Decl., ¶ 6). Since that

20  time, defense counsel has been unable to reach Plaintiff Megan Reeves via

21  telephone or otherwise.  (<u>Id.</u>)  During the week of January 2, 2023, defense counsel

22  has called Ms. Reeves multiple times, and Ms. Reeves has not returned any of

23  counsels' communications. (<u>See</u>, Defense counsels' email correspondence to Ms.

24  Reeves, Exhibit "C," Mlynarska Decl., ¶ 6).  As a result of Plaintiff's wholesale

25  failure to engage in meet and confer discussions with counsel, the City of Palm

26  Spring had no choice but to proceed by way of this Motion. Accordingly, the City of

27  Palm Springs respectfully requests that this Court hear and grant the City's Motion

28  as prayed.

## II.   <u>PLAINTIFF MEGAN REEVES LACKS STANDING TO SUE IN ANY</u> <u>CAPACITY</u>

Plaintiff Megan Reeves asserts a host of federal and state law claims seeking to recover "economic and non-economic damages in the amount of $661,680 for the loss of [Plaintiff's] spouse's income, household contributions, loss of companionship, loss of consortium, loss of protection, affection, sexual relationship, and loss of moral support."  (<u>See</u>, Plaintiff's Complaint, Exhibit "A," Mlynarska Decl., ¶ 3).

Plaintiff's efforts, however, fail as a matter of law. Dispositive here, Plaintiff Megan Reeves lacks standing to prosecute any 42 <u>U.S.C.</u> § 1983 claims or corresponding state law claims in her capacity as successor-in-interest to Decedent. [1] On the face of Plaintiff's Complaint, Plaintiff seeks to recover her claimed economic and non-economic damages on behalf of Decedent as her "registered domestic partner."  (<u>See</u>, Plaintiff's Complaint, p. 4, Section III Statement of Claim, C, Exhibit "A," Mlynarska Decl. ¶ 3). Standing to sue for the death of another is governed by the law of the forum state – whether a plaintiff seeks recovery under state or federal theories. <u>See</u>, <u>Moreland v. Las Vegas Metro. Police Dep't</u>, 159 F.3d 365, 370 (9th Cir. 1998).

"In California, an action for wrongful death is governed solely by statute, and the right to bring such an action is limited to those persons identified therein."  <u>Scott</u>

_____

[1] While Plaintiff's Complaint only asserts claims on behalf of Decedent Russell Leggett, it is clearly established that any attempt by Plaintiff to prosecute any 42 <u>U.S.C.</u> § 1983 claim in any personal capacity, also fail as a matter of law. (<u>See</u>, <u>E.H. v. City of Long Beach</u>, 2017 WL 10581101, at *3 (C.D. Cal. 2017) ("Section 1983 'is not itself a source of substantive rights.  Rather, it provides a method for vindicating federal rights elsewhere conferred.  To prove a § 1983 claim, a plaintiff must show (1) that defendants violated his federal rights and (2) that they acted under color of state law.'") quoting <u>Lopez v. Cnty. of L.A.</u>, 2016 WL 3913263, at *4 (C.D. Cal. 2015); <u>see</u> 42 <u>U.S.C.</u> § 1983.

**MEMORANDUM OF POINTS & AUTHORITIES - DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  v. Thompson, 184 Cal.App.4th 1506, 1510 (2010).  In turn, Cal. Code Civ. P. §

2  377.60 grants "wrongful death" standing to "decedent's personal representative or

3  any of a defined list of persons that includes a decedent's spouse, children, or heirs."

4  Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 370 (9th Cir. 1998).

5  "Domestic partners" are not on the list of those given standing. See, Cal. Code Civ.

6  P. § 377.60. Accordingly, Plaintiff does not have standing to prosecute her state or

7  federal "wrongful death" claims against the City of Palm Springs.

8         Nor has Plaintiff demonstrated that she qualifies as Decedent's proper

9  successor-in-interest. Pursuant to Cal. Code Civ. P. § 377.32, a survival action in

10  California must be accompanied by an affidavit including, among other things, '[i]f

11  the decedent's estate was administered, a copy of the final order showing the

12  distribution of the decedent's cause of action to the successor in interest,' along with

13  facts supporting statements that the affiant is either the decedent's successor in

14  interest or is authorized to act on the successor in interest's behalf, in the action. Cal.

15  Civ. Proc. Code § 377.32(4)- (5)." J.K.J. v. City of San Diego, 2020 WL 738178, at

16  *3 (S.D. Cal. 2020). Where these statutory requirements are not met, "any claim

17  intended to be a survival claim is" subject to dismissal "on this basis alone."  Id.

18         It was and always has been Plaintiff's burden to establish her standing as

19  Decedent's "successor-in-interest."  To date, she has not carried her burden, and it

20  appears she is precluded from doing so.  Accordingly, Plaintiff's Complaint against

21  the City of Palm Springs should be dismissed in its entirety. See, Hayes v. Cty. of

22  San Diego, 736 F.3d 1223, 1228–1229 (9th Cir. 2013) ("The party seeking to bring

23  a survival action bears the burden of demonstrating that a particular state's law

24  authorizes a survival action and that the plaintiff meets that state's requirements for

25  bringing a survival action.") (citation omitted).

26  **III.  THE PALM SPRINGS POLICE DEPARTMENT IS NOT A SUABLE**

27        **ENTITY**

28         At the outset, Plaintiff has named "Palm Springs Police Department" as a

party to this action. The law is well-settled that a law enforcement agency is not a suable entity because it is not a public entity itself, but rather a part of the suable public entity — here, the City of Palm Springs. <u>See</u>, <u>United States v. Kama</u>, 394 F.3d 1236, 1239-1240 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983."); <u>Dean v. Barber</u>, 951 F.2d 1210 (11th Cir. 1992) (county sheriff's department cannot be sued under section 1983); <u>Moles v. County of Linn</u>, 2004 WL 1490324, at *4 (D. Or. 2004) ("[T]he Linn County Sheriff's Office is not a 'person' subject to liability under section 1983.  Municipal departments, commissions and associations, such as police, sheriff and corrections departments cannot be sued under section 1983."); <u>see also</u>, <u>Vallas v. City of Chula Vista</u>, 56 Cal.App.3d 382, 387-388 (1976) ("We are provided no authority for the position that the police department is a 'public entity' within the meaning of the section.  <u>Evidence Code</u> § 200 defines a public entity as 'a nation, state, county, city and county, city, district, public authority, public agency, or any other political subdivision or public corporation, whether foreign or domestic.' While 'public agency' may be a somewhat vague term, its use as a part of a definition of 'public entity' must contemplate a body with some degree of sovereignty.  Each of the listed entities as well as the classification found in the concluding language, 'or any other political subdivision or public corporation,' describes an independent body politic with sovereignty and not a department or office within the entity.  To construe 'public agency' any other way would be to destroy the concept of 'entity.'  We note, too, the Law Revision Commission comment to section 811.2 of the <u>Government Code</u>, which defines 'public entity' in a similar fashion, states the definition 'is intended to include every kind of political or governmental entity in the state.' None of the definitions of 'public agency' we have been able to find would include a department of a city as such.  ***We must conclude the police department is merely an integral part of a public entity and not an entity itself***.") (emphasis added).  Given these cases, and others like them, the

**MEMORANDUM OF POINTS & AUTHORITIES - DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  "Palm Springs Police Department" should be dismissed as a party to this case in its

2  entirety.

3  **IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST**

4  **THE CITY OF PALM SPRINGS**

5    Plaintiff's Complaint for Violation of Civil rights, makes references to

6  statutes, constitutional amendments, the California Tort Claims Act, and "CA AB

7  26."  As presented, however, Plaintiff's Complaint fails to state a claim for relief

8  against the City of Palm Springs on any legal theory.  Accordingly, this Court

9  should dismiss Plaintiff's Complaint against the City of Palm Springs.

10    **A.    Plaintiff's 42 U.S.C. § 1983 Claim Fails to State a Claim for Relief**

11    **Against the City of Palm Springs and Must be Dismissed**

12    As best as the City can ascertain from Plaintiff's Complaint, Plaintiff attempts

13  to sue the City through 42 U.S.C. § 1983 for unspecified constitutional violations.

14  (See, Plaintiff's Complaint, Dkt 1, p. 4.)  It is well-settled that a "municipality

15  cannot...be held liable under § 1983 'solely because it employs a tortfeasor--or, in

16  other words, a municipality cannot be held liable under § 1983 on a respondeat

17  superior theory.'" Herd v. County of San Bernardino, 311 F.Supp.3d 1157, 1166

18  (C.D. Cal. 2018) (quoting Monell v. Dep't of Social Servs. of City of New York,

19  436 U.S. 658, 691 (1978)); see, Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403,

20  (1997) ("We have consistently refused to hold municipalities liable under a theory

21  of respondeat superior"; it is only when an explicit or tacit wrongful government

22  "policy or custom" causes government employees to inflict an injury that a

23  government entity may be liable under Section ); Sincerny v. City of Walnut Creek,

24  2017 WL 4642432, at *3 (N.D. Cal. 2017) ("'A government entity may not be held

25  liable under 42 U.S.C. § , unless a policy, practice, or custom of the entity can be

26  shown to be a moving force behind a violation of constitutional rights.'") (quoting

27  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011)). Instead, there are

28  limited circumstances for which a public entity may be held liable for alleged

1  constitutional violations. <u>See</u>, <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1166 (discussing the

2  ways in which a plaintiff can demonstrate municipal liability for a constitutional

3  violation).

4         Plaintiff's Complaint is so bereft of facts that the City is unable to determine

5  which municipal liability theory Plaintiff purports to pursue in her Complaint.

6  Dispositive here, the failure to plead facts is fatal to any possible "municipal

7  liability" claim asserted by Plaintiff. Indeed, a party cannot "plead facts that are

8  merely consistent with a defendant's liability," as "threadbare recitals of the

9  elements of a cause of action, supported by mere conclusory statements do not

10 suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>see</u>, <u>Bell Atl. Corp. v.</u>

11 <u>Twombly</u>, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the

12 'grounds' of his 'entitlement to relief' requires more than labels and conclusions,

13 and a formulaic recitation of the elements of a cause of action will not do.") (internal

14 citations omitted).

15        These rules apply with equal force to "municipal liability" claims and militate

16 in favor of dismissal of your insufficiently pled theory here. <u>See</u>, <u>A.E. ex rel.</u>

17 <u>Hernandez v. Cty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading

18 standards announced in <u>Iqbal</u> and <u>Twombly</u> "appl[y] to <u>Monell</u> claims and should

19 govern future pleadings in this case"); <u>see also</u>, <u>Moore v. County of Orange</u>, 2017

20 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule); <u>see, e.g.</u>, <u>Maldonado v. County</u>

21 <u>of Orange</u>, 2019 WL 6139937, at *2 (C. D. Cal. 2019) (dismissing <u>Monell</u> claim

22 based on "policy and custom" where "[t]he Complaint contains only sweeping

23 allegations that the County's policies and practices generally empower excessive

24 force, but 'Plaintiff[] fail[s] to allege any facts showing that any of these claimed

25 policies or customs actually exist,' much less how they caused the specific use of

26 force at issue here."); <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1168 (<u>Monell</u> claim based on

27 "policy and custom" dismissed where Plaintiffs "fail[ed] to allege any facts showing

28 that any of [the] claimed policies of customs actually exist."); <u>Herd</u>, <u>supra</u>, 311

**19**

**MEMORANDUM OF POINTS & AUTHORITIES - DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

F.Supp.3d at 1169 (dismissing claim for relief against municipality based on "failure to train" theory when "Plaintiffs provide no facts regarding the training the officers received and do not explain why the training was inadequate. Plaintiffs also assert the conclusion that the municipal defendants acted with deliberate indifference, without explaining how the alleged failure to train was likely to result in a constitutional violation."); Young v. City of Visalia, 687 F.Supp.2d 1141, 1149 (E.D. Cal. 2009) (finding that allegations of inadequate training and hiring practices were "threadbare" because the complaint did "not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm"); Wilkey v. County of Orange, 2017 WL 11447980, at *3 (C.D. Cal. 2017) (dismissing Monell claim with prejudice where "custom and policy" allegations amounted to "rote recitation of the elements of a *Monell* claim for Section 1983 liability against a municipality…"); Davis v. City of San Jose, 2014 WL 2859189, at *13 (N.D. Cal. 2014) (granting Rule 12 motion to dismiss Monell claims as being "entirely conclusory" and "nothing more than a simple recitation of the elements of a *Monell* claim. As such, Plaintiff's allegations are not entitled to a presumption of truth.").

Were more needed to warrant dismissal of Plaintiff's 42 U.S.C. § 1983 claim, it is established that allegations regarding an ***isolated incident*** are insufficient to support Plaintiff's purported "municipal liability" claim. See, Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by Bull v. City & County of San Francisco, 595 F.3d 964, 981 (9th Cir. 2010) ("[P]roof of random acts or isolated events are insufficient to establish custom."); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); City of Canton v. Harris, 489 U.S. 378, 397-398 (1989) ("Inadequate training" claims "require a showing of a pattern of

violations from which a kind of 'tacit authorization' by [municipal] policymakers can be inferred…."); <u>Case v. Kitsap County Sheriff's Dep't</u>, 249 F.3d 921, 931-932 (9th Cir. 2001) ("Although inadequacy of police training may serve as the basis for municipal  liability in certain circumstances, the evidence presented by [plaintiff] does not support such a claim, nor can liability be predicated on the isolated sporadic events in this case."). Instead, municipal liability claims must be supported by a record of numerous, similar incidents. <u>Sloman v. City of Simi Valley</u>, 21 F.3d 1462, 1470 (9th Cir. 1994) ("Individual action like [the defendant officer's] does not rise to the level of the 'well-settled', 'widespread' practices contemplated in the cases discussing municipal liability"; jury verdict against city defendant for one employee officer's "habitual" conduct overturned as error); <u>Meehan v. Los Angeles County</u>, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish actionable <u>Monell</u> custom); <u>Davis v. Ellensburg</u>, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish wrongful <u>Monell</u> policy); <u>Davis v. City of San Jose</u>, <u>supra</u>, 2014 WL 2859189, at *10 (dismissing <u>Monell</u> claims and noting plaintiffs allegations contained "no facts…concerning a pattern of *repeated* violations that would give the City fair notice to enable it to defend itself properly. [Citation].") (emphasis original); <u>A.B. v. City of Santa Ana</u>, 2019 WL 1578380, at *4 (C.D. Cal. 2019) ("In the FAC, Plaintiffs allege that Defendants were acting pursuant to customs, policies, usages and practices of City and the City of Santa Ana Police Department, that Defendants violated Plaintiffs' rights as a result of those policies, and that Plaintiffs were injured as a result. [Citation]. However, Plaintiffs do not allege any specific facts showing that Defendants had an ongoing policy or practice that resulted in *widespread violations* of constitutional rights. Plaintiff does not point to *any further alleged incidents* of Fourth Amendment excessive force, unreasonable seizure, or unlawful search other than the July 21, 2017 incident that gave rise to this action. Plaintiffs 'bare assertion' that Defendants have an ongoing unlawful policy or practice, without more, does not suffice to state a claim for relief.

1  [Citation]. Accordingly, Defendants' Motion to Dismiss Plaintiffs' fourth claim is
2  GRANTED WITH PREJUDICE.") (emphasis added).

3      Because factual allegations of similar incidents are completely absent from
4  the Complaint, dismissal is appropriate. <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(b)(6); <u>see also</u>,
5  <u>Brown v. County of San Bernardino</u>, 2021 WL 99722, at *4-5 (C.D. Cal. 2021)
6  (dismissing municipal liability claims where they were "overbroad and conclusory";
7  "not tethered to any facts"; and not supported by allegations of a "pattern of similar
8  incidents"); <u>Hermosillo v. County of Orange</u>, 2020 WL 6785303, at *4 (C.D. Cal.
9  2020) (dismissing municipal liability claims for failure to allege specific allegations
10  of constitutional wrongdoing "outside of their individual case.").

11      **B.     Plaintiff's California Tort Claims Act Claim Fails to State a Claim**
12      **for Relief Against the City of Plam Springs and Must be Dismissed**

13      The 1963 California Tort Claims Act generally re-affirmed the state's long-
14  standing sovereign immunity rule and abolished all common law theories of
15  recovery against governmental defendants in favor of a statutory framework. <u>See</u>, 5
16  Witkin, <u>Summary of California Law, Torts</u>, § 132, p. 213 (9th ed. 1988); <u>California</u>
17  <u>Government Code</u> § 815 ("Except as otherwise provided by statute… [a] public
18  entity is not liable for an injury, whether such injury arises out of an act or omission
19  of the public entity or a public employee or any other person."). The Act waived
20  sovereign immunity only with regard to a narrowly delineated series of statutory
21  exceptions. <u>See</u>, <u>Adams v. City of Fremont</u>, 68 Cal.App.4th 243, 364 (1998) (In
22  1963, "the Legislature enacted a comprehensive statutory scheme known as the
23  California Tort Claims Act, which reinstated the general rule of non-liability while
24  defining the circumstances under which public entities and their employees may be
25  sued for damages arising from tort injuries or death. Since 1963, where recovery is
26  sought against public entities or their employees for injuries…, the right to recover is
27  now defined by statute."); <u>Ramsey v. City of Lake Elsinore</u>, 220 Cal.App.3d 1530
28  (1990)("Public liability for personal injuries is defined and limited by statute.");

1   _Allyson v. Department of Transportation_, 53 Cal.App.4th 1304, 1313 (1997)(After

2   1963, "there is no question but that government tort liability is wholly statutory.");

3   _Cochran v. Herzog Engraving Co._, 155 Cal.App.3d 405 (1984) ("In California, all

4   government tort liability must be based on statute.").

5        Against this backdrop, a plaintiff seeking recovery against governmental

6   defendants must initially plead a valid statutory basis for the action. See, e.g.,

7   _Comm. for Immigrant Rights v. Cnty. of Sonoma_, 644 F.Supp.2d 1177, 1208 (N.D.

8   Cal. 2009)(to state a claim for tort liability against a public entity, a plaintiff must

9   plead a "statutory basis showing that the [entity] may be held liable for their

10  claims."); _D.K. ex rel. G.M. v. Solano County Office of Educ._, 667 F.Supp.2d 1184,

11  1198 (E.D. Cal. 2009)("In California, all government tort liability is dependent on

12  the existence of an authorizing statute. To state a cause of action, every fact essential

13  to the existence of statutory liability must be pleaded with particularity, including

14  the existence of a statutory duty…  Since the duty of a governmental agency can

15  only be created by statute, the statute claimed to establish the duty must be

16  identified [in the complaint.]") (citations omitted.)  "Only by so doing may the

17  public entity be advised of the factual and legal basis of the claim against it." _Lehto_

18  _v. City of Oxnard_, 171 Cal.App.3d 285, 292-293 (1985).[2]

19  _____

20  [2] Moreover, the requirement that plaintiffs plead the statutory basis for their claim

21  permits the Court to determine whether the statute in issue is truly actionable against

    public entities.  See, _Sullivan v. City of Sacramento_, 190 Cal.App.3d 1070, 1080

22  (1987) ("Unless the applicable enactment is alleged in specific terms, a court cannot

23  determine whether the enactment relied upon was intended to impose an obligatory

    duty to take official action to prevent foreseeable injuries or whether it was merely

24  advisory in character."); _see also_, _Munoz v. City of Union City_, 120 Cal.App.4th

25  1077, 1111-1112 (2004) ("_Civil Code_ § 1714 imposes a general duty of care on all

    persons but, . . .§ 1714 is an insufficient statutory basis for imposing direct liability

26  on public agencies."); _Lueter v. State of California_, 94 Cal.App.4th 1285, 1302

27  (2002)("Nowhere in the Unfair Competition Act (_Bus. & Prof. Code_ § 17200, et.

28      (footnote continued)

District courts within California have repeatedly recognized that "[w]here a pleading 'fail[s] to identify a statute creating liability' for a public entity, claims against that public entity 'must be dismissed . . . .'" <u>Sanwal v. Cty. of Sacramento</u>, 2011 WL 2559388, at *8 (E.D. Cal. 2011) (quoting, <u>D.K. ex rel. G.M. v. Solano Cty. Office of Educ.</u>, 667 F.Supp.2d 1184, 1198 (E.D. Cal. 2009); <u>see</u>, <u>Cohen v. County of Santa Cruz</u>, 2017 WL 467846, at *5 (N.D. Cal. 2017)(in the absence of citations to a statutory duty owed by public entity defendant, "Plaintiffs' Complaint fails to state a claim under the California Tort Claims Act."); <u>Haar v. City of Mountain View</u>, 2010 WL 4919478, at *4 (N.D. Cal. 2010) (dismissing California Tort Claims Act claim because the Plaintiff made only a "general reference to the California Tort Claims Act" and cited an additional irrelevant statute, which was "not sufficient to give Defendants fair notice of Plaintiff's claim and the ground upon which it rests, as required by Rule 8(a)" of the Federal Rules of Civil Procedure); <u>Oracle v. Santa Cruz Cty. Planning Dep't</u>, 2009 WL 1371461, at *6 (N.D. Cal. 2009) (dismissing California Tort Claims Act claim where the Plaintiff's complaint "rel[ied] on broad 'et seq.' references to the relevant California codes" rather than "plead[ing] a specific source" of Defendant's duty); <u>Skeels v. Pilegaard</u>,

_____

seq.) is there a provision imposing governmental liability for violations of the act. Because there is no statute making public entities liable under the UCA, the general rule of governmental immunity must prevail."); <u>Aguilar v. Corral</u>, 2007 WL 2947557, at *5, n. 4 (E.D. Cal. 2007) ("Intentional infliction of emotional distress is a common law tort from which public entities enjoy immunity."); <u>People ex rel. Freitas v. City and County of San Francisco</u>, 92 Cal.App.3d 913, 920 (1979)("The Cartwright Act defines [suable] 'persons' to include 'corporations, firms, partnerships and associations.' (<u>Bus. & Prof. Code</u> § 16702.) It is apparent that this definition does not include cities."); <u>United Motors International, Inc. v. Hartwick</u>, 2017 WL 888304, at *12 (C.D. Cal. 2017) ("While the California Penal Code categorizes attempted extortion as a punishable offense, <u>see</u> <u>Cal. Pen. Code</u> § 519, this Court is aware of no civil equivalent under California law. As such, this Court finds that Plaintiffs' [civil] extortion claim is inadequately pleaded against Defendant Vazquez.")

1  2013 WL 5645346, at *3 (N.D. Cal. 2013)("Plaintiff's failure to identify a specific

2  statute imposing a mandatory duty in Paragraph 122 [of the complaint] is fatal to the

3  negligence claim because it deprives the County of notice as to the statutory basis

4  for the purported duties alleged in Plaintiff's claim."); <u>Howard v. County of Tulare</u>,

5  2016 WL 1756877, at *9 (E.D. Cal. 2016)("since the duty of a governmental agency

6  can only be created by statute, the statute claimed to establish the duty must be

7  identified"; dismissal ordered where "Plaintiff has not pled the existence of a

8  statutory duty… [a]s Plaintiff fails to identify in the complaint a statute that creates

9  liability…")(citations omitted.)

10     Plaintiff here attempts to proceed as though these decisions had never been

11  issued. No authorizing statute is referenced for the many state law – based claims

12  she attempts to advance. This is not acceptable – and dismissal is consequently

13  required.  As just noted, courts have made the point over and over again. .

14     **C.     Plaintiff's Bane Act Claim Fails to State a Claim for Relief Against**

15     **the City of Plam Springs and Must be Dismissed**

16     The Bane Act, codified at <u>California Civil Code</u> § 52.1, provides a cause of

17  action if "a person or persons, whether or not acting under color of law, interferes by

18  threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or

19  coercion, with the exercise or enjoyment by any individual or individuals of rights

20  secured by the Constitution or laws of the United States, or of the rights secured by

21  the Constitution or laws of this state."  In seizure cases, California courts and the

22  Ninth Circuit have clarified that a claim for relief under § 52.1 additionally requires

23  "a specific intent to violate the arrestee's right to freedom from unreasonable

24  seizure." <u>Reese v. Cty. of Sacramento</u>, 888 F.3d 1030, 1043 (9th Cir. 2018)

25  (quoting <u>Cornell v. City of San Francisco</u>, 17 Cal.App.5th 766, 801 (2017)).

26  Accordingly, a plaintiff must allege that defendants "intended not only the force, but

27  [also] its unreasonableness." <u>Reese</u>, <u>supra</u>, 888 F.3d at 1045 (internal quotations

28  and citations omitted).

1    "[The Bane Act] is limited to plaintiffs who themselves have been the subject

2    of violence or threats." <u>Bay Area Rapid Transit Dist. v. Superior Court</u>, 38

3    Cal.App.4th 141, 144 (1995). Put differently, "a party lacks standing to bring a

4    claim under the Bane Act when the party does not claim to have *personally suffered*

5    a violation of a constitutional or statutory right." (emphasis original).  <u>Bresaz v.</u>

6    <u>County of Santa Clara</u>, 136 F.Supp.3d 1125, 1137 (N.D. Cal. 2015). The

7    concomitant rule flowing from this is that "[t]he Bane Act is simply not a wrongful

8    death provision." <u>Bay Area</u>, <u>supra</u>, 38 Cal.App.4th at 144.

9    Here, Plaintiff does not make a single factual allegation that *any* defendant

10    (let alone the City of Palm Springs) interfered with any of *Plaintiff's rights* by

11    "threat, intimidation, or coercion."  Instead, Plaintiff's allegations appear to address

12    Decedent Russell Leggett. Because Plaintiff has not, and cannot, allege facts

13    specific to Plaintiff, and because Plaintiff cannot pursue this claim under any

14    "wrongful death" theory, Plaintiff does not have standing to pursue this claim as an

15    individual Plaintiff. Accordingly, any Bane Act claim pursued by Plaintiff is subject

16    to dismissal on this basis alone.

17    Separately, and as best as the City can tell, Plaintiff has failed to establish

18    standing to pursue this claim as any successor-in-interest to Decedent. <u>See</u>, <u>Code of</u>

19    <u>Civil Procedure</u> § 377.32.

20    If this were not enough, the Complaint also lacks the requisite facts necessary

21    to proceed under the Bane Act. <u>See</u>, <u>Reese</u>, <u>supra</u>, 888 F.3d at 1045 (recognizing a

22    Bane Act claim under <u>Civil Code</u> § 52.1 must include allegations of "specific intent"

23    that the defendants "intended not only the force, but [also] its unreasonableness.");

24    <u>A.B.</u>, <u>supra</u>, 2019 WL 1578380, at *5 (granting Rule 12(b)(6) motion to dismiss

25    where plaintiffs "do not allege that Defendants acted with a specific intent to use

26    unreasonable force against Decedent, or to violate his constitutional rights.").

27    Accordingly, when viewed from any angle, the purported attempt to sue under the

28    Bane Act fails.

**D.      Plaintiff's California Assembly Bill 26 Claim Fails to State a Claim for Relief Against the City of Plam Springs and Must be Dismissed**

Plaintiff's citation to "CA AB 26" provides no legal basis for liability in this matter.  That bill merely requires law enforcement agencies to maintain a policy that sets a minimum standard on the use of force.  It in no way authorizes liability against a public entity for anything.  It is therefore of no consequence and any claims prosecuted by Ms. Reeves on the basis of "CA AB 26" must be dismissed. See, Allyson v. Department of Transportation, 53 Cal.App.4th 1304, 1313 (1997) (after passage of the California Tort Claims Act, "there is no question but that government tort liability is wholly statutory."); Cochran v. Herzog Engraving Co., 155 Cal.App.3d 405, 409 (1984) ("In California, all government tort liability must be based on statute."); Ramsey v. City of Lake Elsinore, 220 Cal.App.3d 1530, 1541 (1990) ("[D]isregard of statutes is fatal to a plaintiff's claim of public liability" (emphasis added). Plaintiff's faulty attempt to recovery any damages pursuant to "CA AB 26" also fails as a matter of law.

**E.      Plaintiff's Federal Claim Fails to State a Claim for Relief Against the City of Palm Springs and Must be Dismissed**

As noted above, Plaintiff attempts to state three 42 U.S.C. § 1983 claims against the County. "There is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, liability can only attach to a public entity (like the County) where a Section 1983 plaintiff pleads ***facts*** showing an unconstitutional "policy" or "custom". Monell v. New York Department of Social Services, 436 U.S. 658, 690 (1978); see, Smith v. Stanislaus, 2012 WL 253241, at *4 (E.D. Cal. 2012)("[T]o sufficiently state a claim under Monell, plaintiff must allege ***facts*** establishing a policy, it is not enough simply to state that there is a policy.") (emphasis added).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

**MEMORANDUM OF POINTS & AUTHORITIES - DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly,

2  550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads

3  factual content that allows the court to draw the reasonable inference that the

4  defendant is liable for the misconduct alleged." Id.  (citing Twombly, 550 U.S. at

5  556). Alleging conduct that is merely conceivable is not enough: "[w]hen a

6  complaint pleads facts that are merely consistent with a defendant's liability, it stops

7  short of the line between possibility and plausibility of entitlement to relief." Id.

8  (internal quotation marks omitted).

9      Consistent with Twombly and Iqbal, a putative Monell claim which fails to

10  allege specific ***facts*** regarding an actionable municipal "policy" fails to state a viable

11  claim. See, A.E. ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir.

12  2012) (noting that the Twombly and Iqbal[3] standards apply to municipal liability

13  claims; to adequately plead a municipal liability claim, a plaintiff's allegation "may

14  not simply recite the elements of a cause of action, but [must] contain sufficient

15  allegations of underlying facts" so as to provide the opposing party with fair notice

16  to mount a defense) (quoting, Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).

17      And -- consistent with Twombly and Iqbal -- jurists in this District rightly

18  (and routinely) dismiss fact-bare Monell claims. See, e.g., Lucero v. Cty. of Orange,

19  2021 WL 1783099, at *2 (C.D. Cal. 2021)(conclusory Monell claim dismissed);

20  Hermosillo v. County of Orange, 2020 WL 6785303, at *4 (C.D. Cal. 2020) (failure

21  to include any underlying facts sufficient to give fair notice to Defendants of the

22  alleged policies or customs and constitutional violations); Rodrigues v. County of

23  Orange, 2020 WL 3396619 (C.D. Cal. 2020) (dismissing conclusory, fact-bare

24

---

25  [3] See, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (a complaint must be "plausible

26  on its face," by including sufficient ***facts*** to permit the court to "draw the reasonable
   inference that the defendant is liable for the misconduct alleged."); Bell Atlantic

27  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (pleading that merely offers "labels
   and conclusions" or "a formulaic recitation of the elements of a cause of action will

28  not do.").

**MEMORANDUM OF POINTS & AUTHORITIES - DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  <u>Monell</u> claim); <u>Maldonado v. County of Orange</u>, 2019 WL 6139937 (C.D. Cal.

2  2019) (same); <u>Rendon v. County of Orange</u>, 2019 WL 4284521, at *2 (C.D. Cal.

3  2019) (same); <u>Herd v. County of San Bernardino</u>, 311 F.Supp.3d 1157 (C.D. Cal.

4  2018) (same); <u>Moore v. County of Orange</u>, 2017 WL 10518114 (C.D. Cal. 2017)

5  (same); <u>Wilkey v. County of Orange</u>, 2017 WL 11447980 (C.D. Cal. 2017) (same).

6  　　　Here, Plaintiff's putative <u>Monell</u> claim is hopelessly defective.  Plaintiff does

7  not allege the content of any supposed unconstitutional "policy" – much less "allege

8  any facts showing that any of these claimed policies or customs actually exist." <u>Herd</u>

9  <u>v. Cty. of San Bernardino</u>, 311 F.Supp.3d 1157, 1168 (C.D. Cal. 2018); <u>see</u>,

10  <u>Benavidez v. Cty. of San Diego</u>, 993 F.3d 1134, 1155 (9th Cir. 2021)("none of the

11  allegations regarding the County's alleged unconstitutional policy, practice, custom,

12  or failure to train its employees provides ***factual support*** for <u>Monell</u> liability.

13  Therefore, the court affirms the district court's dismissal of the Benavidezes' claims

14  against the County.")(emphasis added).

15  　　　Plaintiff's citation to the one isolated incident of which she complains does

16  nothing to plead an actionable <u>Monell</u> claim. It is well settled that allegations

17  regarding one incident are insufficient to support a plaintiff's purported "policy and

18  custom" claim. <u>See</u>, <u>Davis v. Ellensburg</u>, 869 F.2d 1230 (9th Cir. 1989) (manner of

19  one arrest insufficient to establish <u>Monell</u> custom); <u>Thompson v. City of Los</u>

20  <u>Angeles</u>, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by <u>Bull v.</u>

21  <u>City & County of San Francisco</u>, 595 F.3d 964, 981 (9th Cir. 2010) ("[P]roof of

22  random acts or isolated events are insufficient to establish custom."); <u>Trevino v.</u>

23  <u>Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be

24  predicated on isolated or sporadic incidents; it must be founded upon practices of

25  sufficient duration, frequency and consistency that the conduct has become a

26  traditional method of carrying out policy.").

27  　　　Stated otherwise, municipal liability claims must be supported by a record of

28  numerous, similar incidents. <u>See</u>, <u>Sloman v. City of Simi Valley</u>, 21 F.3d 1462,

1470 (9th Cir. 1994) ("Individual action like [the defendant officer's] does not rise to the level of the 'well-settled', 'widespread' practices contemplated in the cases discussing municipal liability"; jury verdict against city defendant for one employee officer's "habitual" conduct overturned as error). Where they are not, dismissal is required. <u>See</u>, <u>Hermosillo</u>, <u>supra</u>, 2020 WL 6785303, at *4 (Rule 12(b)(6) motion granted and <u>Monell</u> allegations dismissed: "Here, Plaintiffs do not include specific allegations outside of their individual case. This single incident involving the Decedent is insufficient to establish the existence of a policy or custom by the County."); <u>A.B. v. City of Santa Ana</u>, 2019 WL 1578380, at *4 (C.D. Cal. 2019) ("In the FAC, Plaintiffs allege that Defendants were acting pursuant to customs, policies, usages and practices of City and the City of Santa Ana Police Department, that Defendants violated Plaintiffs' rights as a result of those policies, and that Plaintiffs were injured as a result. [Citation]. However, Plaintiffs do not allege any specific facts showing that Defendants had an ongoing policy or practice that resulted in ***widespread violations*** of constitutional rights. Plaintiff does not point to ***any further alleged incidents*** of Fourth Amendment excessive force, unreasonable seizure, or unlawful search other than the July 21, 2017 incident that gave rise to this action. Plaintiffs 'bare assertion' that Defendants have an ongoing unlawful policy or practice, without more, does not suffice to state a claim for relief. [Citation]. Accordingly, Defendants' Motion to Dismiss Plaintiffs' fourth claim is GRANTED WITH PREJUDICE.")(emphasis added); <u>Davis v. City of San Jose</u>, 2014 WL 2859189, *10 (N.D. Cal 2014)(dismissing <u>Monell</u> claims and noting plaintiffs allegations contained "no facts…concerning a pattern of *repeated* violations that would give the City fair notice to enable it to defend itself properly. [Citation].") (emphasis original).

    In short, without more than "mere formulaic recitations of the existence of unlawful policies, conducts or habits," Plaintiff's <u>Monell</u> claim must be dismissed. <u>Galban v. City of Fontana</u>, 2021 WL 1307722, at *3 (C.D. Cal. 2021) (dismissing

30

1  conclusory, fact-bare <u>Monell</u> claim). As courts have found over and over again, fact-

2  free platitudes of the type Plaintiff offers are manifestly inadequate.  <u>See</u>, <u>e.g.</u>,

3  <u>Harvey v. City of S. Lake Tahoe</u>, 2011 WL 3501687, *3 (E.D. Cal. 2011)

4  (dismissing plaintiff's municipal liability claims because "Plaintiff has not identified

5  any [municipal] policy or custom in his first amended complaint, has not alleged

6  that the ... employees acted pursuant to a County policy or custom, and has not

7  alleged that their conduct conformed to an official policy or custom. Additionally,

8  because he has not identified any such policy or custom, he also has not explained

9  how the policy or custom is deficient, has not explained how the policy or custom

10  caused him harm, and has not explained how the policy or custom amounted to

11  deliberate indifference.") (citations omitted); <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1168

12  (<u>Monell</u> claim based on "policy and custom" dismissed where Plaintiffs "fail[ed] to

13  allege any facts showing that any of [the] claimed policies of customs actually

14  exist.")

15      In short, Plaintiff fails to allege an unconstitutional policy, custom, or practice

16  claim because Plaintiff sets forth ***<u>one</u>*** incident by ***<u>one</u>*** employee – which even if true

17  alleges only that the City ***<u>employed</u>*** a tortfeasor, far short of the required pleading

18  that Defendant maintained custom(s) or practice(s) that were the "driving force"

19  behind Plaintiff's alleged constitutional injuries. This is manifestly insufficient to

20  state a <u>Monell</u> claim against a public entity. <u>See, e.g.</u>, <u>Sloman v. Tadlock</u>, 21 F.3d

21  1462, 1470 (9th Cir. 1994)("Customary practices, if widespread among police

22  employees, are a sufficient basis for [<u>Monell</u>] liability"; Court overturns jury finding

23  of Monell liability for lack of evidence indicating unconstitutionality was

24  "widespread" on police force; "Habitual" misconduct by one officer is insufficient

25  as a matter of law)(emphasis added.); <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463,

26  484-485 (9th Cir. 2007) (One incident of "inadequate training" insufficient to

27  establish Monell "custom"); <u>Meehan v. Los Angeles County</u>, 856 F.2d 102 (9th Cir.

28  1988) (Two incidents not sufficient to establish custom); <u>Davis v. Ellensburg</u>, 869

**MEMORANDUM OF POINTS & AUTHORITIES - DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1   F.2d 1230 (9th Cir. 1989) (Manner of one arrest insufficient to establish custom);

2   Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989) (Dismissing

3   Monell "custom" allegation where plaintiff fails to produce evidence of "widespread

4   abuses or practices. . .[which] are so pervasive as to have the force of law.")

5       And a host of decisions make the County's point. See, e.g., Herd, supra, 311

6   F.Supp.3d at 1168 (Monell claim based on "policy and custom" dismissed where

7   plaintiffs "fail[ed] to allege any facts showing that any of [the] claimed policies of

8   customs actually exist."); Maldonado v. County of Orange, 2019 WL 6139937, at *2

9   (C.D. Cal. 2019)(dismissing Monell claim based on "policy and custom" where

10  "[t]he Complaint contains only sweeping allegations that the County's policies and

11  practices generally empower excessive force, but 'Plaintiff[] fail[s] to allege any

12  facts showing that any of these claimed policies or customs actually exist,' much

13  less how they caused the specific use of force at issue here."); Rendon, supra, 2019

14  WL 4284521, at *2 (Monell claim dismissed because "Plaintiff's sole, conclusory

15  allegations of policies or practices that encompass all of Defendants' alleged

16  misconduct is insufficient to state a claim for municipal liability under § 1983.");

17  Moore, supra, 2017 WL 10518114, at *3-4 ("Rather than include specific factual

18  allegations, paragraph 57 of Moore's Complaint sets forth a speculative list of

19  various customs, policies, and practices that allegedly violated her Fourth

20  Amendment and Fourteenth Amendment rights…. Moore's list contains 'no

21  allegations of underlying facts.' [Citation]. Therefore, Moore has failed to meet the

22  Monell pleading standard."); Davis v. City of San Jose, 2014 WL 2859189, at *13

23  (N.D. Cal. 2014) (granting  Rule 12 motion to dismiss Monell claims as being

24  "entirely conclusory" and "nothing more than a simple recitation of the elements of

25  a Monell claim. As such, Plaintiff's allegations are not entitled to a presumption of

26  truth."). Consistent with these decisions, and others like them, Plaintiff's Monell

27  Claim for an "Unconstitutional Policy, Custom, or Practice" should be dismissed.

28  / / /

**MEMORANDUM OF POINTS & AUTHORITIES - DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**V.    <u>PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND</u>**

Given Plaintiff's repeated failure to engage with defense counsel in any meaningful meet and confer discussions regarding Plaintiff's Complaint, this Court is will within its discretion to dismiss Plaintiff's case against Defendants with prejudice and without leave to amend. <u>See</u>, <u>Weith v. Newsom</u>, 2022 WL 17994897, at *1 (E.D. Cal., 2022) ("A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules."); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules appropriate). Dismissal is well within this Court's power and is appropriate in light of Ms. Reeves wholesale failure to cooperate with defense counsel.  <u>Gardner v. Las Vegas Metro. Police Dep't</u>, 831 F.App'x 365, 366 (9th Cir. 2020) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.")(citations omitted).

**VI.    <u>CONCLUSION</u>**

For the foregoing reasons, the City respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint as prayed. <u>See</u>, <u>Fed. Rs. Civ. Proc.</u> 8 and 12(b)(6).


DATED:  January 6, 2023                     Respectfully submitted,

                                            **LYNBERG & WATKINS**


                                     By: _____
                                            **S. Frank Harrell**
                                            **Jesse K. Cox**
                                            **Marlena R. Mlynarska**
                                            Attorneys For Defendants
                                            City of Palm Springs,
                                            Palm Springs Police Department

**MEMORANDUM OF POINTS & AUTHORITIES - DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**