JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MEGAN REEVES,

        Plaintiff,

v.

RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.

Case No. ED CV 22-1910 SB (MRW)

**ORDER DISMISSING ACTION**

**FRCP 41**

      The Court dismisses this action due to Plaintiff's failure to respond to the defense's dismissal motions and court orders.

\* \* \*

      1.    This is a <u>pro se</u> civil action. Plaintiff's original complaints[1] alleged that law enforcement personnel killed Plaintiff's domestic partner after a car chase. (Docket # 1.)

---

[1] Plaintiff filed two nearly identical actions against numerous local law enforcement agencies and municipalities. The Court consolidated the actions pursuant to Rule 42(a)(2). (Docket # 9.)

2. Two of the municipal defendants (Cities of Beaumont and Palm Springs) moved to dismiss the action on various grounds. (Docket # 10, 16.) The motions also stated that Plaintiff failed to participate in prefiling meet-and-confer discussions with defense counsel as required under Local Rule 7.

3. Magistrate Judge Wilner ordered Plaintiff to respond to the dismissal motions by specific deadlines. (Docket # 11, 17.) Judge Wilner also required Plaintiff to explain her lack of cooperation in the prefiling process. Judge Wilner's orders expressly advised Plaintiff that her failure to respond to the motions would lead the Court to dismiss the action under Federal Rule of Civil Procedure 41. (Id. (citing Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019)).)

4. Plaintiff failed to respond to either dismissal motion.

5. Judge Wilner vacated the hearing on the motion. (Docket # 19.) As a "further accommodation to a self-represented litigant," Judge Wilner gave Plaintiff a final opportunity to show cause why the action should not be dismissed due to Plaintiff's inaction. Plaintiff failed to file anything in response to that OSC. (Docket # 20 (defense statement of non-compliance).)

6. Other than her original complaints and her IFP documentation, Plaintiff has failed to file anything else with the Court since the commencement of this civil action.[2]

\* \* \*

---

[2] Plaintiff applied for and received in forma pauperis status from the Court in November 2022. (Docket # 3, 7, 8.) As a result, she was entitled to have the U.S. Marshals serve process on the defense. 28 U.S.C. § 1915. Magistrate Judge Wilner issued an order noting that Plaintiff appeared to have served the complaint herself on some (but not all) of the parties. (Docket # 9.) Judge Wilner's order required Plaintiff to submit a declaration explaining the status of service and to file proofs of past service. Plaintiff did not file anything in response to this order.

7. Local Rule 7-9 requires a party to file a memorandum stating the basis for that party's opposition to a motion. Local Rule 7-12 states that the "failure to file any required document [ ] may be deemed consent to the granting or denial of the motion."

8. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

9. Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document. Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

10. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

\* \* \*

11. In the present action, the Court concludes that dismissal of the action is appropriate. Plaintiff failed to respond to either dismissal motion from the Cities of Beaumont and Palm Springs. She also failed to comply

with the Local Rule 7 obligation to discuss the motions before the defense filed them. Plaintiff's failure to file any response (despite explanatory advisements from the magistrate judge) means that the motions are deemed unopposed under Local Rule 7-12. Defendants are entitled to the relief requested in those motions to dismiss the action.

12. Further, Plaintiff's failure to comply with the Court's case management orders and Judge Wilner's OSC also warrants dismissal under Rule 41. Plaintiff's silence in the face of so many court orders demonstrates that she has no interest in advancing the action here.

13. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff seemingly chose to abandon her case by failing to respond to basic motions and orders. The public and the defense has an interest in the expeditious resolution of this action, and the Court has a need to manage its voluminous docket. Plaintiff's failure to participate in this lawsuit after filing it has frustrated these interests; and her failure has increased the costs of this litigation and risks further prejudice to the defense. Furthermore, because Plaintiff is a pro se litigant who did not abide with the magistrate judges' previous orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court concludes that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

14. Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim and is otherwise appropriate here. Therefore, the present action is DISMISSED with prejudice

IT IS SO ORDERED.

Dated: February 26, 2023

STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

5